UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARY H. GODDARD,

        Plaintiff,

                              Case Number 06-10336-BC
v.                            Honorable Thomas L. Ludington

R. JAMES NICHOLSON, SECRETARY
OF VETERAN AFFAIRS,

        Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PARTIES' OBJECTIONS THERETO, GRANTING SECRETARY'S MOTION FOR SUMMARY JUDGMENT, AND DISMISSING THE CASE

Presently before the Court are the parties' objections to a report issued by Magistrate Judge Charles E. Binder on June 15, 2007 recommending that the secretary's motion for summary judgment be granted. The secretary believes that the magistrate judge reached the correct result in the case, but did not consider the plaintiff's timeliness in initiating EEO activity especially in light of recent decision of the Supreme Court, *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, ___ U.S. ___, 127 S.Ct. 2162 (May 29, 2007). The secretary further complains that the magistrate too easily found that the plaintiff had satisfied a *prima facie* case of gender discrimination. The plaintiff does not object to the substance of the magistrate judge's report; she simply insists that the secretary's objections were untimely.

The parties' objections merit only cursory treatment albeit with a *de novo* review of the record. First, the only reason the Court would need to reach the timeliness of the EEO activity or whether the magistrate appropriately found that the plaintiff was qualified for the job in question is if the magistrate judge ultimately was incorrect in suggesting that plaintiff could not identify any

evidence of pretext. The magistrate judge, however, appropriately determined that:

> . . . Plaintiff has not come forward with any evidence that the nondiscriminatory reasons given by Defendant were merely a pretext for discrimination nor has Plaintiff proffered any evidence that would allow a jury to conclude that Defendant did not believe the non-discriminatory reasons given and instead intentionally discriminated against Plaintiff based on gender.

R&R at 11 (citations omitted).

The parties do not take issue with this conclusion, and it is dispositive of the outcome of the case. In fact, the secretary's primary purpose in bringing objections "is to preserve important legal issues for purposes of any subsequent review." Gov't objs at 1. By filing objections, the secretary has indeed preserved his arguments. However, the Court finds it unnecessary to explore the objections further because, despite their merit one way or the other, the Court nonetheless would adopt the recommendation of the magistrate judge because his reasoning with respect to pretext is sound.

Second, the plaintiff's objections lack merit first because she misunderstands the time for filing objections. Second, she also does not make any specific challenge to any of the magistrate judge's conclusions. Federal Rule of Civil Procedure 6 governs the method by which the ten day objection period is calculated. It provides that "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Fed. R. Civ. P. 6(a). Three additional days are also added to the total under Rule 6(e). Here, the secretary filed his objections on June 25, 2007, twelve calendar days after the magistrate judge issued his report. Because weekends are excluded and three additional days are provided under the Rules, the Court can only conclude that secretary's objections were timely.

The plaintiff does not attempt to present argument or evidence that would address the

deficiencies the magistrate judge identified in his report. As noted, she only complains that the secretary was late in filing his objections. Consequently, there are no specific objections to the report, and therefore no basis exists to question the magistrate judge's analysis. *Thomas v. Arn*, 474 U.S. 140 (1985).

Accordingly, it is **ORDERED** the parties' objections to the magistrate judge's report and recommendation are **OVERRULED** [dkt #s 53, 54], the magistrate judge's report and recommendation [dkt # 52] is **ADOPTED**, the secretary's motion for summary judgment [dkt # 42] is **GRANTED**, and the case is **DISMISSED WITH PREJUDICE**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: July 12, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 12, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS